## SAMUEL AIKIN v. FRANKFORD ETC. R. CO.

### APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued April 8, 1891—Decided April 27, 1891.

1. In an action for negligence against a street-railway company, the evidence showing that the plaintiff had mounted the step of a moving car, and, instead of passing within, remained on the step and was struck therefrom by a standing post, with the position of which he was familiar, he was guilty of contributory negligence.
2. In such case, although the testimony on the part of the plaintiff and that on the part of the defendant company, as to whether the platform was so crowded that he could not enter the car where there was abundant room, was contradictory, yet it was not error to instruct the jury to return a verdict for the defendant.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and MITCHELL, JJ.

No. 216 January Term 1891, Sup. Ct.; court below, No. 603 June Term 1889, C. P. No. 4.

On August 6, 1889, Samuel Aikin brought trespass against the Frankford & Southwark Philadelphia City Passenger Railroad Company. Issue.

At the trial, on October 21, 1890, the testimony on the part of the plaintiff was to the effect that he was a policeman, and on March 19, 1888, boarded a " dummy " car of the defendant company, about eighteen or twenty feet from a point where there was a post standing near the car track. The car was moving slowly when the plaintiff got upon the step. He testified that seven or eight persons were then on the narrow platform, and he was prevented by their presence there from entering the car where there was abundant room for him, and was obliged to remain on the step holding to the platform rail. There was evidence that the plaintiff was familiar with the position of the post and its surroundings, and had repeatedly been warned about getting on at the place he did; also, that, after the plaintiff got upon the step, there was no difficulty in passing into the car; others had done so.

At the close of the testimony, the defendant company asked the court to charge the jury:

7. That under all the evidence, the verdict must be for the defendant.

The court, ARNOLD, J., so instructed; and a verdict for the defendant having been returned, a rule for a new trial discharged and judgment entered, the plaintiff took this appeal assigning the instruction to find for the defendant, for error.

*Mr. James M. Beck* (with him *Mr. John T. Murphy*), for the appellant.

Counsel cited: Neslie v. Railway Co., 113 Pa. 300; Stager v. Railway Co., 119 Pa. 70; Germantown Ry. Co. v. Walling, 97 Pa. 55; West Phila. Ry. Co. v. Gallagher, 108 Pa. 524; Johnson v. Railroad Co., 70 Pa. 357.

*Mr. Wm. Henry Lex,* for the appellee.

Counsel cited: Harrisburg v. Saylor, 87 Pa. 216; Penna. R. Co. v. Fries, 87 Pa. 234; King v. Thompson, 87 Pa. 365; Hoag v. Railroad Co., 85 Pa. 296; Reddington v. Traction Co., 132 Pa. 156.

PER CURIAM:

The plaintiff was properly nonsuited in the court below. The injury of which he complains was the result of his own negligence. There was nothing to submit to the jury.

Judgment affirmed.